UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANN V IANNUCCI,

Plaintiff,

v.

MARK SWITALSKI,

Defendant.

_____/

Case No. 16-13188

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE DAVID R.
GRAND

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2];
DENYING AS MOOT REQUEST FOR SERVICE [3]; DENYING AS MOOT MOTION TO
ENTER PROOF OF TRANSCRIPT [5]; DISMISSING CASE**

On September 2, 2016 Plaintiff filed a pro se complaint, an Application to

Proceed In Forma Pauperis [2], and a Request for Service by the United States

Marshal [3].  The Court may authorize the commencement of a suit "without

prepayment of fees or security therefore, by a person who submits an affidavit that

includes a statement of all assets . . . [indicating] that the person is unable to pay

such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see also McGore v.*

*Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)  (overruled on other grounds by

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

1

Here, Plaintiff has submitted an affidavit showing sufficient indicia of poverty. The Court will therefore grant Plaintiff's Application to Proceed In Forma Pauperis [2].

The Court is required to dismiss a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed. *McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff is seeking punitive damages in excess of $80,000 from Defendant Mark Switalski, a Circuit Judge in the Macomb County Circuit Court. These claims, per Plaintiff's complaint, all explicitly stem from Defendant's actions as the presiding Judge in regards to his adoption of a child support recommendation.

2

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004), *citing Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir.1994). This immunity applies even if the acts performed are done maliciously, corruptly, in bad faith or with malice. *Id*. Judicial immunity does not apply if the Judge's activities at issue were "non-judicial" in nature or done without any jurisdiction to support them. *Id.*

Plaintiff's claims all stem from the actions of Defendant in his capacity as the Judge presiding over Plaintiff's objections to the Friend of the Court's recommended child support order. The Defendant denied Plaintiff's objections to the Order on August 4, 2016, causing Plaintiff to file this instant complaint. The actions of Defendant that Plaintiff's complaint centers around are plainly judicial in nature and not done in the absence of all jurisdiction, thus Defendant is absolutely immune from Plaintiff's suit.

As Defendant stated in his Opinion and Order, Defendant, in his capacity as a Judge in State Circuit Court, clearly had jurisdiction over the issue of Plaintiff's child support payments:

> Pursuant to MCL 600.1021, the family division of circuit court has sole and exclusive jurisdiction over cases of divorce and ancillary matters, including those matters set forth in the Support and Parenting Time Enforcement Act, MCL 552.601 et seq. "[A] support order that

3

is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due ... with the full force, effect, and attributes of a judgment of this state...." MCL 552.603(2). The civil court that issues a child support order has continuing, exclusive jurisdiction over that support order and the surrounding proceedings. MCL 552.1224(1).

*People v. Iannucci*, No. 323604, 2016 WL 232330 (Mich. Ct. App. Jan. 19, 2016). Additionally, the Supreme Court in *Rose v. Rose* specifically holding that the State Court had "traditional authority over the issue of child support," and that there was no indication that Congress intended the Administrator of Veterans' Affairs to have the sole authority to apportion disability benefits as child support in preemption of state law that gives state courts the power to enforce an order of child support. 481 U.S. 619, 628 (1987).

Given that there is no basis in law to support Plaintiff's claims, Plaintiff's *in forma pauperis* complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS ORDERED** that Plaintiff's Motion for Leave to File In Forma Pauperis [2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Service [3] is **DENIED as moot.**

4

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enter Proof of Transcript [5] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the case is **DISMISSED.**

**SO ORDERED**.


s/Arthur J. Tarnow

Arthur J. Tarnow

Dated: October 7, 2016            Senior United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2016.

s/Deborah Tofil

Deborah Tofil (acting for Mike Lang)

Case Manager

5